**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-5060**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ALFRED PAIGE BETHEA, a/k/a Alfred Paige Lucas,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00377-RBH-1)

───────────

Submitted:  February 25, 2010         Decided:  March 11, 2010

───────────

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

───────────

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.   Rose Mary Sheppard Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Alfred Paige Bethea pled guilty to possession of a firearm and ammunition after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). The parties stipulated in the plea agreement to a twenty-four-month sentence. See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted the plea agreement and, therefore, was bound to sentence Bethea to twenty-four months, which it did.

On appeal, Bethea's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal in light of Bethea's waiver of appellate rights.[1] Counsel questions, however, whether the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Bethea's guilty plea. Bethea filed a pro se supplemental brief.[2] We affirm in part and dismiss in part.

---

[1] Because the Government has not asserted the waiver on appeal, we will conduct our review pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007); see United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

[2] Bethea notes in his pro se brief that state charges had been dismissed against him before the federal charges were filed. However, under the concept of dual sovereignty, state prosecution does not bar subsequent federal prosecution of the same person for the same act. United States v. Iaquinta, 674 F.2d 260, 264 & n.9 (4th Cir. 1982). To the extent Bethea also (Continued)

2

Our review of the record on appeal leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Bethea's plea. Moreover, the district court ensured that Bethea's guilty plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Bethea's conviction.

With regard to Bethea's sentence, we find that we do not have jurisdiction over this portion of the appeal. Section 3742(c), Title 18, of the United States Code limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]" United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Here, Bethea's sentence was not imposed in violation of law. His twenty-four-month sentence is well within the maximum sentence of ten years of imprisonment provided by

questions whether the district court received all of his recommendation letters at sentencing, it appears that the court received the correspondence.

3

18 U.S.C. § 924(a)(2) (2006). Nor is his sentence a result of an incorrect application of the guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); Littlefield, 105 F.3d at 528. Because § 3742(c) bars review of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions applies, we dismiss the appeal of Bethea's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the conviction and dismiss the appeal of the sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4