UNITED STATES of America,
Plaintiff–Appellee,

v.

John Robert LITTLEFIELD,
Defendant–Appellant.

No. 96–50060.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 1996.*

Decided Jan. 27, 1997.

Duane R. Lyons and Ronald L. Cheng, Assistant United States Attorneys, Los Angeles, California, for appellee United States of America.

Loretta S. Shartsis, Pine Mountain, California, for appellant John Robert Littlefield.

Before HALL, KOZINSKI and HAWKINS, Circuit Judges.

## OPINION

PER CURIAM.

After pleading guilty to distributing methamphetamine, John Littlefield was sentenced to 120 months in prison. He appeals his sentence and conviction.

■ Littlefield's guilty plea was entered pursuant to Fed.R.Crim.P. 11(e)(1)(C). An 11(e)(1)(C) agreement specifies the sentence to be imposed if the district judge accepts the plea. It also limits the defendant's right to appeal. By statute,

[i]n the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure ... a defendant may not file

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

a notice of appeal [of an otherwise ·final sentence] unless the sentence imposed is greater than the sentence set forth in such agreement....

18 U.S.C. § 3742(c)(1). An exception is made if the sentence violates the law or is based on "an incorrect application of the sentencing guidelines." *Id.* § 3742(a).

Littlefield was given the minimum sentence permitted by the statute of conviction, 21 U.S.C. § 841. Such a sentence is neither illegal, *see United States v. Baramdyka,* 95 F.3d 840, 843–44 (9th Cir.1996)("[B]ecause the sentence imposed was well within the statutory maximum, it is not illegal and therefore, that exception is unavailable."), nor Guidelines-based. Therefore, section 3742 bars appeal of Littlefield's sentence.

Littlefield also appeals his conviction. His notice of appeal indicates his intention to challenge his "[s]entence only." ER at 145. Were we to overlook this lacuna—as we sometimes do where the government has had ample opportunity to respond to defendant's claims, *see United States v. Yee Soon Shin,* 953 F.2d 559, 560 (9th Cir.1992)—we would nonetheless reject Littlefield's claims.

■ First, Littlefield argues ·his indictment was defective because the requisite facts were not presented to the grand jury. But he waived his right to indictment when he agreed to proceed by information, a choice he reiterated at his Rule 11 hearing.

■ Second, Littlefield claims his conviction was barred by the statute of limitations; this claim is foreclosed by his plea. *See United States v. Akmakjian,* 647 F.2d 12, 14 (9th Cir.)(per curiam), *cert. denied,* 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981). Although Littlefield, unlike Akmakjian, did not waive his limitations claim expressly, "conscious waiver is [not] necessary with respect to each potential defense relinquished by a plea of guilty." *United States*

*v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989).

**AFFIRMED.**

CYNTHIA HOLCOMB HALL, Circuit Judge, concurring.

I join the opinion's rejection of Littlefield's appeal of his conviction. I also concur in the judgement that Littlefield's appeal of his sentence is barred. I disagree with the majority's analysis, however, so I write separately on this point.

I

Littlefield acknowledged in his plea agreement that he had a right to appeal under 18 U.S.C. § 3742 and that he waived that right, among others, if the sentence imposed did not exceed 120 months. The sentence imposed by Judge Hatter did not exceed that threshold.

Determining whether Littlefield waived his § 3742 right to appeal must precede the majority's application of 18 U.S.C. § 3742(c)(1). Although § 3742(c)(1) precludes several categories of appeal, it allows a defendant to retain certain rights to appeal under § 3742.[1] When a defendant expressly waives *all* of his § 3742 rights, § 3742(c)(1) and its protections become irrelevant. *See United States v. Bolinger,* 940 F.2d 478, 479–80 (9th Cir.1991); *United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.1995). Analysis under the latter subsection is foreclosed when, as in this case, there is an enforceable appeal waiver.

II

Whether a defendant waived his statutory right to appeal is reviewed· by this court de novo. *Bolinger,* 940 F.2d at 479.

Waivers of the right to appeal are valid if they are "knowingly and voluntarily made." *United States · v. DeSantiago–Martinez,* 38 F.3d 394, 395 (9th Cir.1992). When a waiver like this one plainly states that the defendant

---

1. The opinion describes the statute in an inaccurate and misleadingly expansive manner. Section 3742(c)(1) does not preclude every "appeal [of an otherwise final sentence] ..." with certain exceptions. *Majority Opinion* at 528 (alteration in original). Rather, it precludes certain subsections of § 3742(a) and not others. *See* 18 U.S.C. § 3742(c)(1) ("a defendant may not file a notice of appeal under paragraph (3) or (4)").

is aware of his right and waives it, the "knowingly and voluntarily made" test is satisfied. *Id.* Furthermore, Littlefield acknowledged at the Rule 11 proceeding that he had reviewed the terms of his plea agreement with his attorney and that he understood that the agreement was binding upon him.

Littlefield argues that the waiver of appeal should not be given effect because the district court orally stated that it did not recognize the waiver. The pertinent exchange at sentencing was as follows:

> THE COURT: And I should advise you, sir, that you do have a right to appeal this sentence and you have ten days in which to notice such an appeal. . .
>
> MR. LYONS [Assistant U.S. Attorney]: Your Honor, I believe that my comments with regard to Ms. Gonzalez apply equally with regard to this defendant with regard to the waiver of appeal.[2]
>
> THE COURT: Yes. You may have a waiver. Indeed you do have a waiver in the agreement between you and your attorney and the government, but this Court does not recognize that portion of the plea agreement. And again I advise you of your appellate rights.

In sum, Judge Hatter accepted the plea agreement as a whole and then refused to recognize a part of it. Judge Hatter effectively tried to modify the agreement between the defendant and the government. The district court does not have the authority to modify an 11(e)(1)(C) plea agreement, even in "exceptional circumstances." *United States v. Mukai,* 26 F.3d 953, 955 (9th Cir. 1994).

Nonetheless, Littlefield argues that the district court's oral pronouncement of a right to appeal controls over a plea agreement waiver, citing *United States v. Buchanan,* 59 F.3d 914 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 430, 133 L.Ed.2d 345 (1995). In *Buchanan,* the defendant knowingly and voluntarily waived his right to appeal in a plea agreement. Nonetheless, the district court stated at two separate sentencing hearings that the defendant had a right to appeal his sentence. At the first hearing, the court noted that because the plea agreement "was the product of ineffective assistance of counsel," the defendant would have the right to appeal the sentence. *Id.* at 917. At the second hearing, the district court advised the defendant of his right to appeal and the defendant responded that he understood that right. *Id.* We found that the defendant would have no reason but to believe the court's advice on the right to appeal was correct, because the government did not object to the district court's erroneous statements. *Id.* at 918. *Buchanan's* holding is clear: "Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object, we hold that *in these circumstances,* the district court's oral pronouncement controls and the plea agreement waiver is not enforceable." *Id.* (emphasis added).

Littlefield's appeal waiver is valid, however, because the facts of this case are significantly distinguishable from *Buchanan.* The prosecution promptly objected to the advisement of appellate rights, and the district court noted that there may be a waiver of appellate rights. Furthermore, Littlefield made no statement acknowledging the district court's departure from the plea agreement. In fact, Littlefield earlier stated that he reviewed the agreement with his attorney and understood its binding effect upon him. Notably, the district court did not manifest any reason, such as the allegedly ineffective assistance of counsel in *Buchanan,* why the waiver of appeal should not be given the same full effect as the rest of the plea agreement.

---

2. Isabel Gonzalez is a codefendant who was sentenced immediately prior to Littlefield. The reference is to the following dialogue:

> THE COURT: And I should advise you also of your appellate rights. You have a right to appeal this judgment of sentence here today. . . .
>
> . . .

> MR. LYONS: Your Honor, I note with regard to the plea agreement that there is a waiver of appeal in the plea agreement.
>
> . . .
>
> THE COURT: All right. It's there and as far as I'm concerned, that part of the plea agreement is not accepted by this Court, and you do have a right to appeal.

## III

Plea agreements are bargained for by the government and defendants with the expectation that they will be enforced. Plea agreements are just like other bargained-for exchanges where each side may obtain advantages through concessions on their part. *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984). One of the advantages which the government received in the plea bargaining process was a waiver of appeal. Only through the dismissal of this appeal will the government receive the benefit of its bargain. *See United States v. Gonzalez*, 981 F.2d 1037, 1038 (9th Cir.1992) (Kozinski, J., dissenting) ("Is the government entitled to the benefit of its bargain by obtaining the dismissal of an appeal brought in contravention of such a plea agreement, without incurring the cost and delay of briefing the case on the merits?").

We have repeatedly noted that public policy strongly supports plea agreements that include an appeal waiver. *See, e.g., United States v. Navarro–Botello*, 912 F.2d 318, 321–22 (9th Cir.1990). "[The] proper enforcement of appeal waivers serves an important function in the judicial administrative process by 'preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements.'" *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (quoting *United States v. Rutan*, 956 F.2d 827, 829 (8th Cir.1992)). Although there may be reasons, such as those in *Buchanan*, why an appeal waiver should not be enforced, the policy considerations supporting appeal waivers should not be subverted by a categorical refusal by a district court to recognize the entire plea agreement except for the appeal waiver.