122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Albert ANTEAU, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Paul TUTICH, Defendant-Appellant.
 Nos. 96-10228, 96-10229.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-95-00049-DFL; David F. Levi, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Albert Anteau and David Paul Tutich appeal their convictions and sentences imposed following guilty pleas to securities fraud, in violation of 15 U.S.C. § 78j(b) and 78ff. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss Anteau's appeal, affirm Tutich's conviction and sentence, and grant Tutich's counsel's motion to withdraw.
 
 I. Anteau
 
 3
 Anteau contends that counsel was ineffective because he failed to investigate the sentencing guidelines and argue that Anteau's three prior convictions for grand theft were "related cases" for purposes of U.S.S.G. § 4A1.2(a)(2). The government argues that Anteau voluntarily waived his right to direct appeal.
 
 
 4
 The validity of a waiver of appellate rights is reviewed de novo. See United States v. Buchanan, 59 F.3d 914, 916 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995). An express waiver of the right to appeal or to collateral attack is valid if it is voluntary and knowing. See id. A waiver of appellate rights is unenforceable if the sentencing court informs the defendant of his right to appeal, see id. at 918, unless there is an immediate objection to the advisement and the judge acknowledges the presence of the waiver, see United States v. Littlefield, 105 F.3d 527, 529 (9th Cir.), cert. denied, 117 S.Ct. 2423 (1997) (Hall, J. concurring).
 
 
 5
 Here, the district court advised Anteau of his right to appeal at the sentencing hearing. The government immediately reminded the judge that there was a waiver of appeal. Upon hearing the objection, the sentencing judge reminded Anteau that he had given up his right to appeal via the plea agreement. See Littlefield, 105 F.3d at 529; Buchanan, 59 F.3d at 918. Anteau concedes that the waiver was knowing and voluntary. Accordingly, Anteau's waiver is enforceable and we dismiss this appeal.[1] See Buchanan, 59 F.3d at 917.
 
 II. Tutich
 
 6
 Tutich's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that she finds no meritorious issues for review, and moves to withdraw as counsel of record. After conducting an independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), we find no issues for review. Therefore, counsel's motion to withdraw is granted and the district court's judgment is affirmed.
 
 
 7
 Accordingly, Anteau's appeal is DISMISSED, Tutich's conviction and sentence is AFFIRMED, and Tutich's counsel's motion to withdraw is GRANTED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Anteau acknowledges the waiver, he argues that appellate waivers do not preclude challenges to his sentence on the grounds of ineffective assistance of counsel. Because we have determined that Anteau waived his right to directly appeal his sentence, his ineffective assistance of counsel claim is not cognizable here. However, he may be able to raise the claim on collateral attack. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993) (waiver of the right to directly appeal or collaterally attack sentence does not foreclose raising ineffective assistance of counsel claims in a section 2255 motion)