UNITED STATES of America, Plaintiff–Appellee,

v.

Jaime AYALA–MORENO, Defendant–Appellant.

No. 00–50269.

D.C. No. CR–99–0353–TJW.

United States Court of Appeals, Ninth Circuit.

Decided March 8, 2001.

Submitted Jan. 8, 2001.*

---

**2.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM[1]

Jaime Ayala–Moreno appeals his conviction and ten-month sentence following his guilty plea to one count of importation of 52 kilograms of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. §1291, and we affirm.[2]

---

2. We reject the government's assertion that we lack jurisdiction to review Ayala–Moreno's challenge of his conviction under the indictment because he entered an unconditional guilty plea and his notice of appeal was designated for "sentence only." Because Ayala–Moreno challenges the validity of his plea, *see*

Ayala–Moreno first contends that his conviction pursuant to 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because he was sentenced under a specific drug quantity to which he did not plead. We review for plain error *Apprendi* claims raised for the first time on appeal. *United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir. 2000).

To the extent that the district court's finding as to drug quantity may have affected the maximum penalty to which Ayala–Moreno was subject, there was no prejudice under *Apprendi* because he was sentenced well below the lowest statutory maximum penalty applicable for importation of marijuana. *See United States v. Scheele*, 231 F.3d 492, 497 n. 2 (9th Cir.2000) (concluding no prejudice from any *Apprendi* error where defendant received a sentence well below the statutory maximum for the offense to which he pleaded).

Ayala–Moreno next contends that his guilty plea was involuntary because he was misinformed of the maximum penalty to which he could be subject based on drug quantity. This contention lacks merit because the record shows that the district court advised Ayala–Moreno of the potential maximum penalties for the charges listed in the indictment. *See* Fed. R.Crim.P. 11(c)-(d). To the extent that he argues that his plea was involuntary due to

*United States v. Caperell*, 938 F.2d 975, 977 (9th Cir.1991), and the government had ample opportunity to respond to all of Ayala–Moreno's claims, we may properly review this appeal. *See United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir.1997) (per curiam) (stating that where government has had ample opportunity to respond to defendant's claims, this court may review a challenge to the conviction where notice of appeal was for "sentence only").

the discrepancy in the calculation of the drug quantity, this argument fails because he received a sentence well below the lowest possible statutory maximum penalty under the statute. *See* 21 U.S.C. § 960(b)(4).

Ayala–Moreno finally contends that the district court erred by granting only a two-level downward adjustment for minor role, rather than a four-level downward adjustment for minimal role pursuant to U.S.S.G. § 3B1.2 (1998). Because Ayala–Moreno imported a substantial amount of marijuana and admitted to being a member of a large drug smuggling operation, the district court properly denied a further reduction for minimal role. *See* U.S.S.G. § 3B1.2, cmt. n. 2 (1998); *United States v. Davis,* 36 F.3d 1424, 1437 (9th Cir.1994).

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.