<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4013**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONTE WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:06-cr-00095-RDB-1)

Submitted:  November 20, 2009    Decided:  December 31, 2009

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Stuart O. Simms, BROWN, GOLDSTEIN & LEVY, LLP, Baltimore, Maryland, for Appellant.  James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Donte Williams pled guilty to possession with intent to distribute fifty grams or more of crack cocaine, 21 U.S.C. § 841(a)(1) (2006). The plea agreement stipulated in accordance with Fed. R. Crim. P. 11(c)(1)(C) that Williams would receive a sentence of 168-262 months. At Williams' Fed. R. Crim. P. 11 proceeding, that term was narrowed to 168-180 months with the consent of the parties. The stipulated sentencing range was binding upon the district court upon acceptance of the plea agreement. See Fed. R. Crim. P. 11(c)(1)(C).

The district court sentenced Williams to 168 months in prison. Williams now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel contends that the sentence should be set aside because the district court did not state whether it would depart below the stipulated range. Williams was notified of his right to file a pro se supplemental brief but has not filed such a brief. We affirm in part and dismiss in part.

We conclude that we do not have jurisdiction to address the claimed sentencing error. The statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a plea agreement to claims

that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Williams' sentence was not imposed in violation of law. He was statutorily subject to a term of ten years to life in prison. See 21 U.S.C. § 841(b)(1)(A) (2006), and his 168-month sentence falls within this range. Nor is the sentence a result of an incorrect application of the sentencing guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines"); Littlefield, 105 F.3d at 528. Application of § 3742(c) requires dismissal of Williams' appeal of his sentence for want of jurisdiction.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm Williams' conviction and dismiss that part of the appeal relating to sentencing. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further

3

review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4