**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10324 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00100-RCJ-(RJJ)-1 |
| v. | |
| MAYNARD MARTIN RICHARDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for Nevada
Robert Clive Jones, Presiding

Argued and Submitted June 7, 2010
Pasadena, California

Before: NELSON and GOULD, Circuit Judges, and DOWD, Senior District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

This appeal challenges the sentencing decisions of the district court following the defendant's plea of guilty to one count in the indictment charging Fraud by Wire, Deprivation of Honest Services and Aiding and Abetting in violation of 18 U.S.C. § 1343, § 1346 and § 2.

Three years after the return of the indictment, the defendant entered a guilty plea pursuant to the provisions of Criminal Rule 11(c)(1)(C), which provides in part, that where the parties "agree that a specific sentence ... is the appropriate disposition of the case ... such a recommendation ... binds the court once the court accepts the plea agreement."  The negotiated written plea agreement provided that should the court accept the defendant's plea under the terms of the agreement, the court will not impose a sentence that includes a term of imprisonment, but further provided that "this provision does not otherwise bind the court ... or otherwise limit its discretion to ... the  imposition of a term of probation that includes any or all of the mandatory and discretionary conditions set forth in Title 18, United States

2

Code Section 3563."[1]  The district court subsequently agreed to abide by the "C"

Plea Agreement and sentenced the defendant to a term of probation for five years

with the condition that the defendant would reside in a community corrections

facility for a period 12 months with work release privileges.

During the sentencing hearing that followed the district court's acceptance

of the "C" agreement, former Nye County Commissioner, Candice Trummell, over

the objection of counsel for the defendant, provided extensive testimony about the

conduct of the defendant, including the fact that she had been harassed by his

"publishing ... harassing, intimidating lies about me and my family.  I have been

harassed via his newspaper for years since his indictment."  It is without dispute

that former Commissioner Trummell had been the subject of the defendant's

---

[1]18 U.S.C. Section 3563(b) provides:

> (b) Discretionary conditions.  The court may provide, as
> further conditions of a sentence of probation, to extent
> that such conditions are reasonably related to the factors
> set forth in section 3553(a)(1) and (a)(2) and to the extent
> that such conditions involved such deprivations of liberty
> or property as are reasonably necessary for the purposes
> indicated in section 3553(a)(2), that the defendant -- ...

> (11) reside at, or participate in the program of, a
> community corrections facility (including a facility
> maintained or under contract to the Bureau of Prisons)
> for all or part of the term of probation; ...

3

efforts to change the zoning laws that would permit the defendant to build and operate a brothel in Nye County. Trummell cooperated with the F.B.I. leading to the indictment and arrest of the defendant. For reasons that are not apparent in the record, the lapse of time from the defendant's indictment until his plea of guilty was nearly three years, and apparently, it was during this delay that former Commissioner Trummell contended that she had been subjected to newspaper harassment by the defendant.

The district court's conditions in connection with his period of probation, included the following declaration:

> ... You shall not make any public comment regarding Ms. Trummell or any of her family members, whether published in a newspaper or otherwise. You will make -- during the term of your probation, 5 years you will make no public comment regarding Ms. Trummell or her family. The purpose under (b), and particularly (b)(22), is because you have the capability and capacity and propensity to make negative comment about the person who was involved in your investigation and who was the target of your attempted illegal bribery. That would be wholly improper and an attempt to circumvent the purposes of rehabilitation for which these conditions are imposed. You will make no public comment during these 5 years regarding Ms. Trummell or her family.

A threshold issue is whether the defendant waived his right of appeal consistent with the written plea agreement and his subsequent acknowledgments that he understood that he had waived his right of appeal.

The Court finds footnote two in the case of *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) relevant. Judge Gould, writing for the Court, instructed:

> There are a few well-established exceptions to appeal waivers under our case law. For example, a waiver of appeal will not bar an appeal where the defendant's guilty plea was not taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999) (holding that waiver of right to appeal will not preclude an appeal where defendant's plea allocution did not conform to the requirements of Rule 11). <u>We have also held that where a judge advises a defendant, without qualification, that he or she has a right to appeal, the defendant will be deemed to have such a right even though it was waived in the plea bargain.</u> *United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995). <u>Additionally, a defendant can appeal his or her sentence notwithstanding a waiver of the right to appeal where the sentence imposed violates the law,</u> *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997), or is not in accordance with the negotiated agreement. *United States v. Bolinger*, 940 F.2d 478, 480 9th Cir. 1991). (Emphasis added.)

After a review of the record, the Court finds that the defendant waived his right of appeal with respect to the sentence to a period of 12 months in community

5

confinement, but that in any event, the district court's sentence of a period of probation with 12 months of community confinement did not violate the terms of the written plea agreement. Accordingly, the Court AFFIRMS that part of the sentence providing for probation, coupled with 12 months community confinement, and it is of limited consequence whether the defendant waived his right of appeal given our conclusion that the sentence, other than that which relates to the First Amendment issues was a valid sentence under the terms of the Plea Agreement.

With respect to the First Amendment issue, the conclusion of this panel is that the restriction imposed upon the defendant, with respect to public comments concerning Candice Trummell, violates the defendant's First Amendment rights. The recent decision of our colleagues in *Rodriguez v. Maricopa County Community College District*, 605 F.3d 703 (9th Cir. 2010), reflects our continuing commitment to the protections of the First Amendment in the context of written commentary, even when the written commentary is inflammatory and discriminatory. Against the background of *Rodriguez,* the condition of probation

restricting the defendant's First Amendment rights with respect to former Nye Commissioner Trummell fails.[2]

In conclusion, the defendant's sentence to a term of probation for five years, coupled with the requirement to serve 12 months in community confinement, is AFFIRMED. The portion of defendant's sentence restricting the right of the defendant to make any public comment regarding Ms. Trummell or any of her family members, whether published in a newspaper or otherwise, is VACATED and REMANDED to the district court to modify the sentence by striking, as a condition of probation, the requirement regarding public comments as to Ms. Trummell or any members of her family.

---

[2]We take note of the fact that Ms. Trummell is apparently no longer a public official, and any commentary by the defendant concerning Ms. Trummell might well subject the defendant to either slander or libel actions.