<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4539**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAMES EDWARD FEBREZ,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-01165-RBH-1)

Submitted:  July 26, 2010        Decided:  August 9, 2010

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Carrie Ann Fisher,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward Febrez pled guilty, pursuant to a written plea agreement, to one count of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). The parties stipulated in the plea agreement to a 240-month prison sentence. See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted the plea agreement, and therefore was bound to sentence Febrez to 240 months' imprisonment, which it did.

On appeal, Febrez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court plainly erred in accepting Febrez's guilty plea and abused its discretion in imposing sentence. Febrez has filed a pro se supplemental brief, in which he questions whether his guilty plea was voluntary and asserts that trial counsel rendered ineffective assistance. We affirm in part and dismiss in part.

Because Febrez did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied

2

with the mandates of Rule 11 in accepting Febrez's guilty plea and that the court's omissions did not affect Febrez's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Febrez entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error.

Turning to Febrez's claim that counsel rendered ineffective assistance, this claim is more appropriately considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's alleged deficiencies conclusively appear on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because we find no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

Febrez also questions whether the district court abused its discretion in imposing sentence. We conclude, however, that we do not have jurisdiction over this portion of the appeal. Section 3742(c) of Title 18 of the United States Code limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation

3

of law [or] was imposed as a result of an incorrect application of the [S]entencing [G]uidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (internal quotation marks omitted); see United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997) (per curiam).

Here, Febrez's sentence was not imposed in violation of law. His 240-month prison sentence falls below the statutory maximum sentence of life imprisonment, see 18 U.S.C. § 924(e). Nor is his sentence a result of an incorrect application of the Sentencing Guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the Sentencing Guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines."); Littlefield, 105 F.3d at 528. Because § 3742(c) bars review of sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions applies, we dismiss Febrez's appeal of his sentence. See United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th Cir. 1994).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Febrez's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Febrez, in writing, of the right to petition the Supreme Court

4

of the United States for further review. If Febrez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Febrez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>