**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4662**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RONALD WENDELL WILLIAMS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:08-cr-00116-RDB-1)

———————

Submitted:  July 29, 2010            Decided:  August 25, 2010

———————

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Steven G. Berry, Bethesda, Maryland, for Appellant.   John Francis Purcell, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Williams pled guilty to knowingly possessing and discharging a firearm in furtherance of a drug trafficking offense resulting in the death of another, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c), 2 (2006). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues, but raising issues requested by Williams. According to counsel, Williams claims the factual basis provided during the Rule 11 hearing was insufficient to support the conviction. He also contends Williams claims counsel was ineffective for (1) not fully explaining his role in the offense; (2) never explaining to the district court or the Government that his role was minor; (3) never giving him the chance to go to trial because he was threatened with death; (4) not doing as good a job at defending him as did the prosecuting attorney; (5) placing him in harm's way after he was housed in a facility containing persons he implicated; and (6) never telling him what he needed to know before he started cooperating with the police. Williams has filed a pro se supplemental brief raising several issues, some of which are included in counsel's Anders brief. The Government did not file a brief.

In order to sustain a § 924(c) conviction, the factual basis had to establish Williams possessed a firearm in order to

further the goals of the drug trafficking conspiracy, or that he aided and abetted such conduct. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). According to the factual basis, Williams was a street level drug dealer for a neighborhood drug conspiracy. On the day in question, he produced the firearm that would be used in the murder. At the instruction of another, he gave the firearm to a third person and then drove that person and another person to the victim's home. Having already been a driver for a drive-by shooting, it was reasonably foreseeable that the firearm he gave to the third party was to be discharged with the intent to protect and further the drug conspiracy, thus exposing Williams to the ten year statutory minimum sentence. By providing the firearm to the third party, driving him to the location, passing the location while the victim was outside and returning the car to the location soon thereafter, and then positioning the car so that the third party was closest to the victim and was able to shoot the victim at close range, we find Williams had the necessary knowledge and intent to bring about the result. See United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007) (discussing aiding and abetting a § 924(c) offense); United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983) (discussing aiding and abetting).

Because Williams did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is

reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  To establish plain error, he "must show:  (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights."  United States v. Massenburg, 564 F.3d 337, 342-46 (4th Cir. 2009) (reviewing unpreserved Rule 11 error).  We have reviewed the Rule 11 hearing and find no error.  The district court complied with the requirements of Rule 11(b)(1).  The court also assured itself that the plea was voluntary and there was an independent factual basis for accepting the plea.  See Rule 11(b)(2), (3).  Because the factual basis was sufficient to sustain the § 924(c) conviction and because Williams' plea was knowing and voluntary, we affirm the conviction.

Because Williams received the low end of the range of imprisonment to which he agreed in the plea agreement, we are without jurisdiction to review the reasonableness of the sentence.  The statute governing appellate review of a sentence states that:

> (c) Plea agreements. – In the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C)[*] of the Federal Rules of Criminal Procedure–

---

[*] Rule 11(e)(1)(C) was renumbered Rule 11(c)(1)(C) in the 2002 amendments to Rule 11.

4

(1)   a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement ...

18 U.S.C. § 3742(c) (2006). Paragraphs (3) and (4) of subsection (a) of § 3742 allow an appeal of a sentence that is greater than the Guidelines range, or a sentence for an offense that does not have a Guidelines range and is plainly unreasonable. United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998). Thus, "[a] defendant receiving a sentence under a Rule 11(e)(1)(C) plea agreement may appeal only when his sentence 'was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]'" Id. (quoting 18 U.S.C. § 3742(a)(1), (2) (2006)).

Here, Williams' sentence was not imposed in violation of law. The twenty-five year sentence was the bottom of the agreed upon range of imprisonment and lower than the statutory maximum of life. Williams agreed the sentence was an appropriate disposition for his case. Nor is the sentence a result of an incorrect application of the Guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the Guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises

5

directly from the agreement itself, not from the Guidelines"); United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1997). Because § 3742(c) bars review of sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions apply, we lack jurisdiction to review Williams' sentence. See United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th Cir. 1994) (finding that § 3742(c)(1) bars appeal of sentence imposed pursuant to Rule 11(c)(1)(C) plea agreement where "government agreed to forego filing a sentence enhancement information for prior criminal activities under 21 U.S.C. § 851"). Accordingly, we dismiss this portion of the appeal.

Insofar as Williams argues that he received ineffective assistance of counsel, such claims are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because Williams' ineffective assistance claims are not conclusively established by the record, we will not review the claims. We conclude that Williams' remaining arguments are without merit and not warranting reversal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues remaining for appeal. Accordingly, we affirm the conviction and dismiss the appeal from the sentence. This court requires counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>