**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4429**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RONNIE DEAN LOCKLEAR,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:09-cr-00528-RBH-1)

Submitted:  December 21, 2010        Decided:  January 13, 2011

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Henry M. Anderson, Jr., ANDERSON LAW FIRM, PA, Florence, South
Carolina, for Appellant.  William Walter Wilkins, III, United
States Attorney, Columbia, South Carolina, Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Ronnie Dean Locklear pled guilty to armed robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (2006), use of a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c)(1)(A) (2006), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (2006). Locklear's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of 252 months' imprisonment. The district court imposed the stipulated sentence. Locklear then filed this timely appeal.

Locklear's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of Locklear's Federal Rule of Criminal Procedure 11 hearing. Locklear received notice of his right to file a pro se supplemental brief, but did not do so. Because we find no meritorious grounds for appeal, we affirm.

Locklear questions whether the district court adequately advised him during his Rule 11 hearing. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is

2

relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

We have thoroughly reviewed the record in this case, and conclude that the district court complied with the mandates of Rule 11 in accepting Locklear's guilty plea. Thus, we hold that the record affirmatively shows there was a factual basis for Locklear's plea, Locklear understood the constitutional rights he waived in pleading guilty, and Locklear's guilty plea was knowing and voluntary.

Next, we conclude we lack jurisdiction to review Locklear's sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines [.]" United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997). Here, Locklear's sentence was less than the applicable statutory maximum, and was the

3

precise sentence he had bargained for with the Government. Thus, review of his sentence is precluded by § 3742(c).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Locklear's conviction and dismiss his appeal to the extent he challenges his sentence. This court requires that counsel inform Locklear in writing of the right to petition the Supreme Court of the United States for further review. If Locklear requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Locklear.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;
AFFIRMED IN PART</u>

4