**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4765**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAMAL STEWART, a/k/a Marly Mar, a/k/a Playboy, a/k/a Cuz,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:08-cr-00415-WDQ-1)

Submitted:  March 15, 2011        Decided:  March 17, 2011

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Allen H. Orenberg, THE ORENBERG LAW FIRM, North Bethesda, Maryland, for Appellant.  Christopher M. Mason, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Stewart appeals his conviction and 262-month sentence imposed by the district court following a guilty plea to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base ("crack") and one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2006). Stewart's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether Stewart was denied effective assistance of counsel at any stage of the proceedings. Stewart was advised of his right to file a pro se supplemental brief but did not file one. For the reasons that follow, we affirm in part and dismiss in part.

Stewart contends that he was denied effective assistance of counsel in the district court. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because Stewart does not specify any actual errors by

2

counsel and because the record does not conclusively show that Stewart's counsel was ineffective, we decline to consider this issue on direct appeal.

With regard to Stewart's sentence, we do not have jurisdiction over this portion of the appeal. Under 18 U.S.C. § 3742(c) (2006), a defendant's appeal of a sentence to which he stipulated in a Fed. R. Crimi. P. 11(c)(1)(C) plea agreement is limited to circumstances where "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (internal quotation marks and citation omitted; alteration in original); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997). Because none of the exceptions to the limit on appeals of stipulated sentences applies in Stewart's case, we dismiss the appeal of Stewart's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Stewart's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

3

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>
