<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4658**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANYA LEE JACKSON,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:07-cr-00902-TLW-1)

Submitted: April 29, 2011          Decided: May 16, 2011

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Rose Mary Sheppard Parham, Assistant United States Attorneys, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Anya Lee Jackson pled guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006). The parties stipulated in the plea agreement to a 180-month sentence. See Fed. R. Crim. P. 11(c)(1)(C). The court agreed to sentence Jackson to the stipulated term.

On appeal, Jackson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Jackson's guilty plea. Jackson was advised of her right to file a pro se supplemental brief, but she did not file one.

Because Jackson did not move in the district court to withdraw her guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Jackson] must show that an error occurred, that the error was plain, and that the error affected h[er] substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 and that Jackson's guilty plea was knowing and voluntary.

2

With regard to Jackson's sentence, we do not have jurisdiction over this portion of the appeal. Under 18 U.S.C. § 3742(c) (2006), a defendant's appeal of a sentence to which she stipulated in a Rule 11(c)(1)(C) plea agreement is limited to circumstances where her "sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Here, Jackson's sentence was not imposed in violation of law. Her 180-month sentence is well within the maximum sentence of life imprisonment provided by 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). Additionally, her sentence is not the result of an incorrect application of the Guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); Littlefield, 105 F.3d at 528. Because § 3742(c) bars review of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions applies, we dismiss the appeal of Jackson's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Jackson's conviction and dismiss

3

the appeal of her sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART