**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5050**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DARWIN LAQUINCY CUE,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:09-cr-00850-RBH-1)

Submitted: August 4, 2011        Decided: August 10, 2011

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant. Carrie Ann Fisher, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Darwin Laquincy Cue pled guilty to possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Cue's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of seventeen years' imprisonment. The district court granted the Government's motion for a downward departure from the stipulated sentence and sentenced Cue to 125 months' imprisonment. United States Sentencing Guidelines Manual § 5K1.1 (2009). Cue then filed this timely appeal.

Cue's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of Cue's Fed. R. of Crim. P. 11 hearing, whether his waiver of appellate rights was knowing and voluntary, and whether his sentence is reasonable. Cue received notice of his right to file a pro se supplemental brief, but did not do so. Because we find no meritorious grounds for appeal, we affirm his conviction. Because we lack jurisdiction to review Cue's sentence, we dismiss that portion of his appeal.

Cue questions whether the district court adequately advised him during his Rule 11 hearing. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the

2

defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

We have thoroughly reviewed the record in this case, and conclude that the district court complied with the mandates of Rule 11 in accepting Cue's guilty plea. Thus, we hold that the record affirmatively shows there was a factual basis for Cue's plea, Cue understood the constitutional rights he waived in pleading guilty, and Cue's guilty plea was knowing and voluntary.

Next, we conclude we lack jurisdiction to review Cue's sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines [.]" United States v. Sanchez, 146 F.3d 796, 797 &

3

n. 1 (10th Cir. 1998); <u>United States v. Littlefield</u>, 105 F.3d 527, 527-28 (9th Cir. 1997). Here, Cue's sentence was less than the applicable statutory maximum, and, due to the downward departure, was less than the sentence he had bargained for with the Government. Thus, review of his sentence is precluded by § 3742(c).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cue's conviction and dismiss his appeal of his sentence. This court requires that counsel inform Cue in writing of the right to petition the Supreme Court of the United States for further review. If Cue requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>