**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4518**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

JAMES THOMAS TERRELL, III,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cr-00172-FDW-1)

Submitted: December 16, 2011     Decided: January 5, 2012

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Terrell, III pled guilty pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C) to two counts of conspiracy to distribute and possession with intent to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2006), and two counts of conspiracy to conduct financial transactions involving the proceeds of unlawful activity, in violation of 18 U.S.C. § 1956(h) (2006). The district court accepted the plea agreement and imposed the stipulated sentence of 156 months' imprisonment.

On appeal, Terrell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that there are no meritorious issues for appeal. Terrell filed a pro se supplemental brief asserting that the district court erred in calculating the applicable statutory minimum sentence and that the district court erred in applying a second-degree murder cross-reference. The Government has elected not to file a response. We affirm in part and dismiss in part.

Prior to accepting a defendant's guilty plea, Fed. R. Crim. P. 11(b)(1) requires the district court to ensure that a defendant understands his right to plead not guilty, the trial rights he is forfeiting by pleading guilty, the nature of the charges, any maximum and minimum penalty, and the provisions of any plea agreement. Additionally, the district court must find

2

a factual basis for the plea and that the plea is knowing and voluntary. Fed. R. Crim. P. 11(b)(2)-(3). Because Terrell did not move to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002). After thoroughly reviewing the record in this case, we conclude that the district court complied with the mandates of Rule 11 in accepting Terrell's plea. The record confirms that there was a factual basis for the plea, that the plea was knowing and voluntary, and that Terrell understood his rights and the consequences of the plea agreement. We therefore affirm Terrell's conviction.

We lack jurisdiction, however, to review Terrell's sentence. This court's jurisdiction to review a sentence is governed by 18 U.S.C. § 3742(c)(2006), which limits review of a sentence determined pursuant to a Rule 11(c)(1)(C) plea agreement to sentences imposed either in violation of the law or as a result of an incorrect application of the Sentencing Guidelines. United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997). Here, Terrell's sentence was the exact sentence negotiated in the plea agreement and was less than the applicable statutory maximum. It could not have been imposed as a result on an incorrect application of the Guidelines because it was a contractual agreement made independently of any

3

Guidelines calculations. <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Terrell's conviction and dismiss his appeal as to his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. This court requires that counsel inform Terrell in writing of the right to petition the Supreme Court of the United States for further review. If Terrell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Terrell.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4