**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4141**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TIMOTHY TYRONE ALEXANDER, a/k/a Skeet,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:11-cr-00416-TLW-1)

Submitted:  September 17, 2012        Decided:  October 2, 2012

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant.   Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Tyrone Alexander pled guilty in accordance with a written plea agreement to conspiracy to distribute 280 grams or more of crack cocaine, five kilograms or more of cocaine, fifty kilograms of marijuana, and a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (2006). In the plea agreement, the parties stipulated, in accordance with Fed. R. Crim. P. 11(c)(1), that Alexander would receive a sentence of 180 months. At sentencing, the district court imposed the stipulated sentence.

Alexander now appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether this court has jurisdiction to consider Alexander's appeal of his sentence, but stating that there are no meritorious issues for review. Alexander was advised of his right to file a pro se brief but has not filed such a brief. We affirm in part and dismiss in part.

Our review of the transcript of the Rule 11 proceeding discloses substantial compliance with the Rule. Further, the record reflects that the plea was knowingly and voluntarily entered and that there was a factual basis for the plea. We therefore affirm the conviction.

2

We further conclude that we lack jurisdiction to review Alexander's sentence, which was imposed pursuant to a Rule 11(c)(1) plea agreement. "A defendant receiving a sentence under such a plea agreement may appeal only when his sentence was imposed in violation of law or was imposed as a result of an incorrect application of the sentencing [G]uidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (internal quotation marks and alteration omitted); 18 U.S.C. § 3742(c)(1) (2006). A sentence within the statutory parameters is not imposed in violation of law. See, e.g., United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997) (per curiam). A sentence imposed pursuant to a Rule 11(c)(1) plea agreement cannot be the result of an incorrect application of the Guidelines because the agreement is contractual and not based upon the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Under these authorities, Alexander's 180-month sentence, which falls within the statutory sentencing range of ten years to life, see 21 U.S.C. § 841(b)(1)(A) (2006), was not imposed in violation of law. Nor, because the sentence was contracted for, did it result from an incorrect application of the Guidelines. Accordingly, we lack jurisdiction to review Alexander's sentence, and we dismiss this portion of the appeal.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Alexander's conviction and dismiss the appeal insofar as it relates to his sentence. This court requires that counsel inform Alexander, in writing, of his right to petition the Supreme Court of the United States for further review. If Alexander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Alexander.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

4