**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5117**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHANEKA PENIX, a/k/a Tweet,

                    Defendant - Appellant.

**No. 09-4330**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEVIN GARY, a/k/a Kayo, a/k/a Red Eyes, a/k/a Human Torch,

                    Defendant - Appellant.

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge. (1:08-cr-00086-WDQ-13; 1:08-cr-00086-WDQ-3)

Submitted:  November 29, 2010      Decided:  December 29, 2010

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Richard C. Bittner, LAW OFFICES OF RICHARD C. BITTNER, Glen Burnie, Maryland; Timothy J. Sullivan, BRENNAN, SULLIVAN & MCKENNA, LLC, Greenbelt, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Christopher M. Mason, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to plea agreements, Shaneka Penix and Kevin Gary pled guilty to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006). Penix also pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Penix to the statutorily mandated minimum sentence of 120 months for her involvement in the drug conspiracy, with a concurrent 120-month sentence imposed for her involvement in the racketeering conspiracy. The court sentenced Gary to 360 months, as stipulated in the Fed. R. Crim. P. 11(c)(1)(C) provision of his plea agreement.

On appeal, counsel have filed a joint brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in their view, there are no meritorious issues for appeal. Counsel question, however, whether the district court erred in finding Penix ineligible for sentencing consideration under the safety valve provisions of 18 U.S.C. § 3553(f) (2006), and whether the district court complied with Fed. R. Crim. P. 11 in accepting Gary's guilty plea. The Government declined to file a brief and does not seek to enforce the waiver of appeal rights contained in the plea agreements. Appellants were

notified of their opportunity to file pro se supplemental briefs but have not done so.

Because neither Penix nor Gary moved in the district court to withdraw their guilty pleas, the Rule 11 hearings are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Appellants "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-46 (4th Cir. 2009) (reviewing unpreserved Rule 11 error). "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks and citations omitted). Our review of the record reveals no Rule 11 error. The court ensured that the guilty pleas were knowing and voluntary and supported by adequate factual bases. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Therefore, we affirm Appellants' convictions.

We conclude that we do not have jurisdiction to review Gary's sentence. The statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that

"his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]" United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Gary's sentence was not imposed in violation of law and did not result from an error in applying the guidelines. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines"); Littlefield, 105 F.3d at 528. Because we are barred from reviewing Gary's sentence imposed pursuant to his Rule 11(c)(1)(C) plea agreement under 18 U.S.C. § 3742(c) (2006), and none of the exceptions apply, we dismiss Gary's appeal of his sentence.

We review Penix's sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to "ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (internal quotation marks, citations and alterations omitted), cert. denied, 128 S. Ct. 2525 (2008). We then consider the

5

substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

As a result of her guilty plea to an offense that involved fifty grams or more of cocaine base, Penix was subject to a statutorily mandated minimum term of imprisonment of ten years. Under current jurisprudence, the district court had no discretion to sentence Penix below the statutory minimum. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). We conclude that the district court did not err in its determination that Penix was not eligible for the "safety valve" provision to reduce her sentence, as Penix's criminal history points were properly calculated under USSG § 4A1.1(c), (d). Consequently, we conclude that Penix's 120-month imprisonment term was reasonable and affirm her sentence.

In accordance with Anders, we have reviewed the record in these cases and have found no meritorious issues for appeal. We therefore affirm Penix's and Gary's convictions, affirm Penix's sentence, and dismiss Gary's appeal of his sentence. This court requires that counsel inform Penix and Gary, in writing, of the right to petition the Supreme Court of the United States for further review. If either requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

6

state that copies thereof were served on Penix and Gary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART