**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4530**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BILLY DEONANDRE HODGE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-01082-TLW-1)

_____

Submitted:  February 1, 2011          Decided:  March 11, 2011

_____

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant. Carrie Ann Fisher, Assistant United
States Attorney, Greenville, South Carolina; Rose Mary Sheppard
Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Deonandre Hodge pled guilty to armed robbery in violation of 18 U.S.C. § 1951(a) (2006) and use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Hodge's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of 240 months' imprisonment. The district court imposed the stipulated sentence. Hodge then filed this timely appeal.

Hodge's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of Hodge's Federal Rule of Criminal Procedure 11 hearing. A letter filed by Hodge was docketed as an untimely pro se supplemental brief in which he asserts that counsel was ineffective for misleading him into signing the plea agreement for a sentence over his guideline range. Because we find no meritorious grounds for appeal, we affirm.

Hodge questions whether the district court adequately advised him during his Rule 11 hearing. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by

pleading guilty.  Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."  DeFusco, 949 F.2d at 116.

We have thoroughly reviewed the record in this case and conclude that the district court complied with the mandates of Rule 11 in accepting Hodge's guilty plea.  Thus, we hold that the record affirmatively shows there was a factual basis for Hodge's plea, Hodge understood the constitutional rights he waived in pleading guilty, and Hodge's guilty plea was knowing and voluntary.  Additionally, we have reviewed Hodge's claims of ineffective assistance of counsel and find that the record does not conclusively establish ineffective assistance.  Accordingly, the ineffective assistance claims are not cognizable on direct appeal.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Next, we conclude we lack jurisdiction to review Hodge's sentence.  The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation of law [or]

was imposed as a result of an incorrect application of the sentencing guidelines [.]" United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997). Here, Hodge's sentence did not exceed the applicable statutory maximum and was the precise sentence he had bargained for with the Government. Thus, review of his sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hodge's conviction and dismiss his appeal to the extent he challenges his sentence. This court requires that counsel inform Hodge in writing of the right to petition the Supreme Court of the United States for further review. If Hodge requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hodge. Finally, we deny Hodge's motion to appoint new counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4