**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4024**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RICKY BROWN,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-00961-TLW-1)

─────────────

Submitted:  July 13, 2011          Decided:   July 20, 2011

─────────────

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

─────────────

Joshua Snow Kendrick, Columbia, South Carolina, for Appellant.
Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY,
Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Ricky Brown pled guilty to attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2011) and 21 U.S.C. § 846 (2006). The parties stipulated in the plea agreement to a sixty-month term of imprisonment, see Fed. R. Crim. P. 11(c)(1)(C), and the district court sentenced Brown to the stipulated term. Brown timely noted this appeal.

On appeal, Brown's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues, but questioning whether the district court complied with Federal Rule of Criminal Procedure 11 in accepting Brown's guilty plea and the reasonableness of Brown's sentence. Brown has filed a pro se supplemental brief. The Government has elected not to file a response brief. We affirm.

Because Brown did not move to withdraw his guilty plea in the district court, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Brown] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Based on our review of the record, we conclude that the district court substantially

2

complied with Rule 11 and that Brown's guilty plea was knowing and voluntary. We therefore affirm Brown's conviction.

With regard to Brown's sentence, we do not have jurisdiction over this portion of the appeal. Under 18 U.S.C. § 3742(c) (2006), a defendant's appeal of a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement is limited to circumstances where his "sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (alteration in original) (internal quotation marks omitted); see United States v. Littlefield, 105 F.3d 527, 527–28 (9th Cir. 1997).

Here, Brown's sentence was not imposed in violation of law, as his sixty-month sentence is well-within the maximum sentence of forty years' imprisonment. See 21 U.S.C.A. § 841(b)(1)(B). Additionally, Brown's sentence is not the result of an incorrect application of the Guidelines, because a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based on the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); Littlefield, 105 F.3d at 528. Because § 3742(c) bars review of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions apply, we dismiss the appeal of Brown's sentence.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and Brown's pro se supplemental brief and conclude there are no meritorious issues for appeal. We therefore affirm Brown's conviction and dismiss the appeal of his sentence. Further, we deny Brown's motion to relieve his appellate attorney. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4