**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4098**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALLEN PATTERSON,

Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:08-cr-00304-RDB-1)

_____

Submitted:  July 29, 2011          Decided:  August 11, 2011

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Gary A. Ticknor, Elkridge, Maryland, for Appellant.   Jonathan Biran, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Allen Patterson pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Consistent with his plea agreement and Fed. R. Crim. P. 11(c)(1)(C), the district court sentenced Patterson to 180 months of imprisonment, the statutory mandatory minimum term. Patterson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred in denying Patterson's motion to withdraw his guilty plea, designating him an armed career criminal, and denying his motion to suppress evidence. Patterson filed a pro se supplemental brief questioning the validity of his guilty plea and asserting ineffective assistance of trial counsel. The Government filed a motion to dismiss as to sentence, asserting this court lacks jurisdiction to review Patterson's sentence.

We first address the Government's motion to dismiss. The statute governing our review of a sentence, 18 U.S.C. § 3742 (2006), states that where a plea agreement includes a specific sentence under Fed. R. Crim. P. 11(e)(1)(C),[1] "a defendant may

---

[1] Rule 11(e)(1)(C) was redesignated as Rule 11(c)(1)(C) in the 2002 amendments to Rule 11, but a corresponding change was not made in § 3742(c).

not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement." 18 U.S.C. § 3742(c)(1).[2] Thus, as the Tenth Circuit noted, "[a] defendant receiving a sentence under a Rule 11(e)(1)(C) plea agreement may appeal only when his sentence was imposed in violation of law or was imposed as a result of an incorrect application of the sentencing [G]uidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (internal quotation marks and alteration omitted); see United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997) (addressing parameters of § 3742(c)(1)).

Here, the district court imposed the negotiated sentence in compliance with both the Rule 11(c)(1)(C) agreement and the statutorily mandated minimum sentence applicable to Patterson. 18 U.S.C. § 924(e)(1) (2006). Additionally, the sentence is not the result of an incorrect application of the Guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual in nature and not based on the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea

---

[2] 18 U.S.C. § 3742(a)(3) and (4) allow appeal of a sentence greater than the Guidelines range, or a sentence for an offense that does not have a Guidelines range and is plainly unreasonable.

arises directly from the agreement itself, not from the Guidelines.").

Because § 3742(c) bars review of sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions apply, we lack jurisdiction to review Patterson's sentence. Accordingly, we grant the Government's motion to dismiss as to the appeal of Patterson's sentence.

Patterson's counsel next contends that the district court erred in denying Patterson's motion to withdraw his guilty plea. However, because Patterson withdrew that motion, the district court never ruled on it, and the issue is not properly before us on appeal.

Counsel also contends that the district court erred in denying the motion to suppress. This issue is foreclosed by Patterson's guilty plea. "'When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the entry of the plea.'" United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) (quoting United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004)). Therefore, this claim entitles Patterson to no relief.

As to Patterson's pro se claims, the record reveals that he entered his plea knowingly and voluntarily, and according to the dictates of Fed. R. Crim. P. 11. Rule 11 "does not require a district court to inform a defendant that, by

4

pleading guilty, he is waiving his right to appeal any antecedent rulings or constitutional violations." United States v. White, 366 F.3d 291, 299 n.6 (4th Cir. 2004) (internal quotation marks and alterations omitted).

Patterson also argues that counsel was ineffective in failing to inform him that his guilty plea foreclosed any appellate challenge to the motion to suppress ruling. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). To allow for adequate development of the record, ineffective assistance claims should be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). The record before us does not conclusively establish ineffective assistance of Patterson's trial counsel.

Accordingly, we affirm Patterson's conviction and dismiss the appeal of his sentence. This court requires counsel to inform Patterson in writing of his right to petition the Supreme Court of the United States for further review. If Patterson requests that counsel file a petition but counsel believes such a petition would be frivolous, counsel may motion this court for leave to withdraw from representation. Counsel's

5

motion must state that counsel served a copy of the motion on Patterson. We dispense with oral argument because the materials before the court adequately presented the facts and legal contentions and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>