**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4835**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TAVARES JARELL JACOBS, a/k/a Va Va,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-01258-RBH-9)

Submitted:  July 29, 2011          Decided:  August 11, 2011

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

Scarlet  Moore,  Greenville,  South  Carolina,  for  Appellant.
Alfred  William  Walker  Bethea,  Jr.,  Assistant  United  States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Tavares Jarell Jacobs pled guilty to armed robbery in violation of 18 U.S.C. §§ 1951(a), 2 (2006), and use of a firearm in the commission of a felony, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Jacobs' written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of seventeen years' imprisonment. The district court imposed the stipulated sentence. Jacobs appeals. Jacobs' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of Jacobs' Fed. R. Crim. P. 11 hearing. Jacobs received notice of his right to file a pro se supplemental brief, but did not do so. We affirm in part and dismiss in part.

Jacobs questions whether the district court adequately advised him during his Rule 11 hearing. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to

2

conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

We have thoroughly reviewed the record in this case, and conclude that the district court complied with the mandates of Rule 11 in accepting Jacobs' guilty plea. The record affirmatively shows there was a factual basis for Jacobs' plea, Jacobs understood the constitutional rights he waived in pleading guilty, and Jacobs' guilty plea was knowing and voluntary. Thus, we affirm Jacobs' conviction.

Next, we conclude we lack jurisdiction to review Jacobs' sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines[.]" United States v. Sanchez, 146 F.3d 796, 797 & n. 1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997). Here, Jacobs' sentence was less than the applicable statutory maximum, and was the precise sentence he had bargained for with the Government. Thus, review of his sentence is precluded by § 3742(c), and we dismiss the appeal as it relates to Jacobs' sentence.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Jacobs' conviction and dismiss his appeal as to his sentence. This court requires that counsel inform Jacobs in writing of the right to petition the Supreme Court of the United States for further review. If Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jacobs.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>DISMISSED IN PART</u>