UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4322**

(3:10-cr-01031-JFA-1)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMON D. MCDUFFIE,

Defendant - Appellant.

O R D E R

The Court amends its opinion filed November 29, 2012, as follows:

On page 2, first line of text -- "armed robbery" is corrected to read "extortion."

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4322**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DAMON D. MCDUFFIE,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:10-cr-01031-JFA-1)

Submitted:  November 19, 2012        Decided:  November 29, 2012

Before WILKINSON  and  THACKER,  Circuit  Judges,  and  HAMILTON,
Senior Circuit Judge.

Affirmed  in  part;  dismissed  in  part  by  unpublished  per  curiam
opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Mark C. Moore, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon D. McDuffie pled guilty to extortion in violation of 18 U.S.C. § 1951 (2006). McDuffie's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of fifteen months' imprisonment. The district court imposed the stipulated sentence. McDuffie then filed this timely appeal.

McDuffie's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to consider whether the Government engaged in prosecutorial misconduct by allowing McDuffie to be debriefed while represented by an attorney who was himself the target of an investigation. McDuffie has filed a pro se brief also asserting prosecutorial misconduct on this ground, but disagreeing with counsel's assessment that such issue lacks merit. McDuffie also asserts ineffective assistance of counsel. The government has declined to file a brief.[*] Because we find no meritorious grounds for appeal, we affirm.

---

[*] The government has not sought enforcement of the waiver of appellate rights in the plea agreement. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the government may file a responsive brief raising the appellate waiver issue or do nothing and allow this Court to perform the Anders review).

This court "review[s] for plain error a prosecutorial misconduct claim that was not raised or presented to the trial court." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). To succeed on a claim of prosecutorial misconduct, a defendant must show that the prosecutor engaged in improper conduct and that such conduct "prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." Id. We have thoroughly reviewed the record and find no improper conduct on the part of the prosecutor. Additionally, we have reviewed McDuffie's claim of ineffective assistance of counsel and find that the record does not conclusively establish ineffective assistance. Accordingly, the ineffective assistance claim is not cognizable on direct appeal, and must be brought in a motion under 28 U.S.C.A. § 2255 (West Supp. 2012). See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

Next, we conclude we lack jurisdiction to review McDuffie's sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines. United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th

3

Cir. 1997). Here, McDuffie's sentence did not exceed the applicable statutory maximum, and was the precise sentence he had bargained for with the Government. Thus, review of his sentence is precluded by § 3742(c).

Finally, we have reviewed the remaining issues raised in McDuffie's pro se brief and find them to be without merit. In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm McDuffie's conviction and dismiss his appeal to the extent he challenges his sentence. This court requires that counsel inform McDuffie in writing of the right to petition the Supreme Court of the United States for further review. If McDuffie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McDuffie. Finally, we deny McDuffie's motion for release pending appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4