**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4033**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ROGER FORD, a/k/a Tink, a/k/a Tavon, a/k/a T,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:10-cr-00336-BEL-5)

Submitted:  December 20, 2012      Decided:  December 26, 2012

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

Neal Gary Rosensweig, NEAL GARY ROSENSWEIG, P.A., Hollywood,
Florida, for Appellant.   Christopher John Romano, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Roger Ford pleaded guilty to conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 860 (2006). The plea agreement contained two relevant stipulations: (1) that the conspiracy involved at least 5 kilograms of cocaine and 280 grams of crack cocaine; and (2) that a 180-month term of imprisonment was appropriate. See Fed. R. Crim. P. 11(c)(1)(C). The district court subsequently sentenced Ford to the stipulated term. Ford timely noted this appeal.

On appeal, Ford's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with the mandates of Rule 11 in accepting Ford's guilty plea and the reasonableness of Ford's sentence. Although advised of his right to do so, Ford has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal of Ford's sentence for lack of jurisdiction. For the reasons that follow, we affirm Ford's conviction, but we grant the Government's motion and dismiss the appeal of Ford's sentence.

We first address Ford's conviction. Because Ford did not move to withdraw his guilty plea in the district court, we

2

review the Rule 11 hearing for plain error. <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Ford] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." <u>United States v. Muhammad</u>, 478 F.3d 247, 249 (4th Cir. 2007). Based on our review of the record, we conclude that the district court substantially complied with Rule 11 and committed no error warranting correction on plain error review.

Turning, then, to the motion to dismiss, we agree with the Government that we do not have jurisdiction over this portion of the appeal. Under 18 U.S.C. § 3742(c) (2006), a defendant's appeal of a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement is limited to circumstances where his "sentence was imposed in violation of law or was imposed as a result of an incorrect application of the sentencing guidelines." <u>United States v. Sanchez</u>, 146 F.3d 796, 797 (10th Cir. 1998) (alteration and internal quotation marks omitted); <u>see</u> <u>United States v. Littlefield</u>, 105 F.3d 527, 527–28 (9th Cir. 1997).

Here, Ford's sentence was not imposed in violation of law, as his 180-month sentence is within the maximum sentence of life imprisonment. <u>See</u> 21 U.S.C. § 846; 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2012). Additionally, Ford's sentence is not the result of an incorrect application of the

3

Guidelines, because a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Because § 3742(c) bars review of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions apply, we dismiss the appeal of Ford's sentence.

In accordance with Anders, we have reviewed the entire record in this case and conclude that there are no meritorious issues for appeal. We therefore affirm Ford's conviction. Otherwise, we grant the Government's motion and dismiss the appeal as to Ford's sentence. Finally, we deny appellate counsel's motion to withdraw from representation at this time. This court requires that counsel inform Ford, in writing, of the right to petition the Supreme Court of the United States for further review. If Ford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4