**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4090**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

GERALD JEROME RICE,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:12-cr-00412-CCB-1)

Submitted:  July 29, 2013              Decided:  August 9, 2013

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Craig M. Sandberg, MUSLIN & SANDBERG, Chicago, Illinois, for
Appellant. John Walter Sippel, Jr., Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Jerome Rice pled guilty to interference with commerce by robbery and brandishing a firearm in furtherance of a crime of violence. Rice's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of 180 months' imprisonment. The district court imposed the stipulated sentence. Rice then filed this timely appeal.

Rice's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to consider whether Rice's guilty plea was knowing and voluntary and whether there was ineffective assistance of counsel. Rice has filed a pro se brief seeking to withdraw his guilty plea. The government has not filed a brief.* Because we find no meritorious grounds for appeal, we affirm.

Because Rice did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the plea colloquy is reviewed for plain error. United

---

* The government has not sought enforcement of the waiver of appellate rights in the plea agreement. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the government may file a responsive brief raising the appellate waiver issue or do nothing and allow this Court to perform the Anders review).

2

States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002) (holding that defendant must demonstrate he would not have pled guilty but for the error).

Our thorough review of the record reveals that the district court fully complied with Fed. R. Crim. P. 11 in conducting the guilty plea colloquy. Thus we conclude that Rice's guilty plea was knowing and voluntary, and we find no error in the district court's acceptance of his guilty plea. Additionally, we have reviewed Rice's claim of ineffective assistance of counsel and conclude that the record does not conclusively establish ineffective assistance. Accordingly, the ineffective assistance claim is not cognizable on direct appeal, and must be brought in a motion under 28 U.S.C.A. § 2255 (West

3

Supp. 2013). See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

Next, we conclude that we lack jurisdiction to review Rice's sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines. United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997). Here, Rice's sentence did not exceed the applicable statutory maximum, and was the precise sentence that he had bargained for with the government. Thus, our review of his sentence is precluded by § 3742(c).

Finally, we have considered the remaining issues raised in Rice's pro se brief and conclude that they are without merit. In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm Rice's conviction and dismiss his appeal to the extent he challenges his sentence. Counsel's motion to withdraw from representation is denied. This Court requires that counsel inform Rice in writing of the right to petition the Supreme Court of the United States for further review. If Rice requests

4

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rice. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART